LDA

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF RHODE ISLAND

CA 07 103S

PLAINTIFF,

Taco, Inc.

v.

C.A. No.

DEFENDANT,

Watts Water Technologies, Inc.

## COMPLAINT

### Parties

1. The Plaintiff, Taco, Inc. (hereinafter "Taco"), is a Rhode Island corporation with its principal place of business at 1160 Cranston Street, Cranston, Rhode Island.

2. The Defendant, Watts Water Technologies, Inc. (hereinafter, "Watts") is, upon information and belief, a Massachusetts corporation with its principal place of business at 815 Chestnut Street, North Andover, Massachusetts.

### Jurisdiction

3. This is a complaint for injunctive relief, damages and other appropriate relief arising from Watts' infringement of Taco's trademark rights. In this action, Taco asserts violations of sections of the Lanham Act, 15 U.S.C. § 1114(1)(a) (Trademark Infringement), 1125(a) (False Designation of Origin) and 1125(a) (Dilution) as well as violations of R.I. Gen.Laws § 6-2-12 and of Rhode Island common law.

4. This Court has subject matter jurisdiction over Taco's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367 and 1338.

5. This Court has personal jurisdiction over the defendant who, on information and belief, has engaged in business activities in and directed to this district and has committed a tortious act within this district.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because defendant resides in this judicial district pursuant to the provisions of 28 U.S.C. § 1391(c)

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Taco's claims occurred in this judicial district.

**Background Facts**

8. Taco is a well-known manufacturer, marketer and distributor of goods in the heating, ventilation and air conditioning ("HVAC") industry for use in residential, commercial, industrial and institutional HVAC applications.

9. Since as early as 1952, Taco by itself or through its predecessor companies has advertised and sold a deaerator pipe fitting device which bears the trademark AIR SCOOP.

10. On August 16, 1955, Taco, by its predecessor in interest, obtained registration of its AIR SCOOP mark in the U.S. Patent and Trademark Office under registration number 610,535.

11. The registration recites the following description of goods:

> Deaerating pipe fitting device insertable in the outlet pipe of a hot water heating system boiler to permit the escape of air.

12. Taco's AIR SCOOP trademark is inherently distinctive and has acquired a strong secondary meaning.

13. Taco's federal AIR SCOOP trademark registration number 610,535 has become statutorily incontestable pursuant to the provisions of Section 15 of the Lanham Act, 15 U.S.C. §1065.

14. Said incontestable AIR SCOOP trademark registration is currently valid and subsisting.

15. Since 1952 the AIR SCOOP trademark has been recognized among members of the consuming public which has identified Taco as the source of all products carrying the AIR SCOOP trademark.

16. A sample image of one of Taco's AIR SCOOP dearator pipe fittings is shown in Exhibit 1 attached hereto.

17. Watts is also a manufacturer, marketer and distributor of goods in the HVAC industry for use in residential, commercial, industrial and institutional HVAC applications.

18. Watts has improperly and wrongfully adopted a trademark which is identical to the valuable AIR SCOOP trademark owned by Taco.

19. Watts has improperly and wrongfully used, and is currently using, the AIR SCOOP trademark without the authority or consent of Taco.

20. Watts has improperly and wrongfully used, and is currently using, the AIR SCOOP trademark on goods that are identical to or strikingly similar to the goods of Taco sold under Taco's AIR SCOOP trademark.

21. A sample image of one of Watts' dearator pipe fittings, which image shows Watts improperly and wrongfully using Taco's AIR SCOOP trademark, is shown in Exhibit 2 attached hereto.

22. The actions of Watts in wrongfully and improperly using the AIR SCOOP trademark have caused and are likely to cause confusion with Taco's AIR SCOOP trademark.

23. On or about November of 2006, Taco learned that Watts was wrongfully using Taco's AIR SCOOP trademark on or in connection with the sale of its goods.

24. On or about December 12, 2006, Taco mailed to Watts a letter demanding, among other things, that Watts immediately cease and desist from using Taco's AIR SCOOP trademark.

25. Said letter provided Watts until December 29, 2006 to respond to Taco's demands.

26. On or about December 29, 2006, Assistant General Counsel for Watts sent email correspondence to counsel for Taco acknowledging receipt of Taco's December 12, 2006, cease and desist letter and noting that Watts would "hope to be able to respond to these claims by next week".

27. On or about January 3, 2007, counsel for Taco sent to Assistant General Counsel for Watts a letter acknowledging Watts' December 29 correspondence and stating that if Taco does, "not receive a complete response that is fully responsive to the matters and demands set forth in our December 12th letter by January 9, 2007, Taco will assume that Watts does not intend to amicably resolve this matter and will proceed accordingly."

28. As of the date of this Complaint, no further communication from Watts has been received by counsel for Taco.

**Count I**

**Registered Trademark Infringement**

29. Taco repeats the allegations contained in paragraphs 1 through 28 and makes them a part hereof.

30. Watts's infringing activities in selling, marketing and distributing a product bearing Taco's AIR SCOOP trademark have created a likelihood of confusion as to source, origin, and/or sponsorship of said mark, or are likely to cause mistake or deception, and have

been carried out without permission or license from Taco, all in violation of 15 U.S.C. § 1114(1)(a).

31. Watts's aforesaid infringing activities have caused, and threaten to continue to cause, great and irreparable harm and damage to Taco by diverting revenue from Taco which it otherwise would have obtained through the sale, licensing, leasing or production of its AIR SCOOP trademark.

32. Watts was and is aware of Taco's prior use of the AIR SCOOP trademark.

33. Watts's subsequent wrongful and improper use of that mark on its goods is a willful violation of Taco's trademark, thereby subjecting Watts to enhanced damages pursuant to 15 U.S.C. § 1117(b).

34. As the direct and proximate result of the wrongful acts of Watts as alleged herein, Taco has suffered and will continue to suffer irreparable harm and great injury and damage to its business, good will, reputation, and profits.

35. Taco has no adequate remedy at law against the wrongful acts of Watts as alleged herein. Unless Watts is preliminarily and permanently enjoined by this court, Taco will suffer irreparable harm.

**Count II**

**Federal Trademark Dilution**

36. Taco repeats the allegations in paragraphs 1 through 35 and makes them a part hereof.

37. The AIR SCOOP trademark is a distinctive and famous mark. It is inherently strong and distinctive, has been exclusively used for over 50 years in connection with the goods offered by Taco.

38. The AIR SCOOP trademark has long been the subject of substantial advertising and promotion throughout the world, is widely recognized by members of the consuming public.

39. The AIR SCOOP trademark is the subject of an incontestable federal trademark registration.

40. The AIR SCOOP trademark is widely and strongly recognized in the channels of trade used by the Taco as a source identifier trademark of Taco.

41. There is substantial similarity and overlap of the channels of trade used by Watts and the channels of trade used by Taco.

42. Watts began improperly and wrongfully marketing its AIR SCOOP line of pipefittings after Taco's mark had become famous.

43. Watts has made commercial use of the AIR SCOOP mark owned by Taco in United States interstate commerce.

44. Watts's acts have caused dilution of the distinctive quality of Taco's famous AIR SCOOP trademark to the irreparable injury to and damage of Taco in violation of 15 U.S.C. § 1125(c).

45. Watts's acts have lessened the capacity of Taco's famous mark to identify and distinguish the goods offered by Taco, and have blurred the unique association which has heretofore existed between Taco's AIR SCOOP trademark and such goods.

46. Watts has committed these acts willfully and with the intent to trade on the reputation of Taco and to cause dilution of Taco's famous mark.

## Count III

## Federal Unfair Competition

47. Taco repeats the allegations in paragraphs 1 through 46 and makes them a part hereof.

48. There is a likelihood that members of the consuming public who see Watts's AIR SCOOP product will be confused as to the source, origin and/or sponsorship of that product.

49. Watts's aforesaid infringing activities constitutes unfair competition, unfair trade practices and false designation of origin, and have caused and threatens to cause great and irreparable harm and damage to Taco through confusion, mistake or deception in violation of title 15 U.S.C. § 1125(a), and said activities are likely to continue to cause damage to Taco.

**Count IV**

**Unfair Competition – Rhode Island Common Law**

50. Taco repeats the allegations in paragraphs 1 through 49 and makes them a part hereof.

51. Watts' wrongful and improper use of the AIR SCOOP trademark in connection with the advertising and offering for sale of its goods as alleged herein is likely to deceive the public into believing that there is a connection between Watts and Taco when, in fact, there is no such connection.

52. Watts has unfairly competed with Taco in violation of Rhode Island common law by using a trademark identical to and/or deceptively similar to Taco's trademark with the intent to induce the public into believing that it is somehow sponsored by or connected with Taco, and thereby is trading upon the substantial good will and reputation inherent in Taco's mark all to Taco's detriment.

53. As a direct and proximate result of the acts of Watts as alleged herein, Taco has suffered and will continue to suffer great damage to its business, good will, reputation and profits.

54. Taco has no adequate of remedy at law against this unfair competition. Unless Watts is preliminarily and permanently enjoined by this court, Taco will suffer irreparable harm.

55. In acting as alleged herein, Watts has acted with oppression, fraud and malice toward Taco. Taco is therefore entitled to an award of punitive damages for the sake of example and by way of punishing Watts for its outrageous behavior.

**COUNT V**

**Trademark Infringement – Rhode Island Common Law**

56. Taco repeats the allegations in paragraphs 1 through 55 and makes them a part hereof.

57. Taco has used its AIR SCOOP trademark in connection with the advertising and sale of its products in commerce for over fifty years. Said mark has become extensively known and associated in the minds of the public with Taco's business and products.

58. Watts' infringing activities described herein are misleading the public into believing that its goods are somehow sponsored by or connected with Taco when, in fact, there is no such connection, in violation of Rhode Island common law concerning the protection of trademarks.

59. As a direct and proximate result of the acts of Watts as alleged herein, Taco has suffered and will continue to suffer great damage to its business, good will, reputation and profits.

60. Taco has no adequate remedy at law for the infringement of its marks as alleged herein. Unless Watts is preliminarily and permanently enjoined by this court, Taco will suffer irreparable harm.

61. In acting as alleged herein, Watts has acted with oppression, fraud and malice toward Taco. Taco is therefore entitled to an award of punitive damages.

**COUNT VI**

**Injury to Business Reputation - Dilution of Trademark**

62. Taco repeats the allegations in paragraphs 1 through 61 and makes them a part hereof

63. As a direct result of Taco's long and extensive experience, care and skill in marketing and selling its products under the AIR SCOOP mark, Taco has acquired a reputation for excellence in the HVAC field, and commands extensive sales.

64. Watts, by using a mark that is deceptively similar to Taco's, is misleading the public into believing that its goods are somehow sponsored by or connected with Taco's business when, in fact, there is no such connection.

65. Such acts by Watts are likely to deprive Taco of the benefit of the good will associated with its marks, injure Taco's business reputation, and dilute the distinctive quality of Taco's mark, in violation of Rhode Island General Laws § 6-2-12.

WHEREFORE, Taco prays for relief as follows:

1. That Watts, its officers, agents, servants, employees and representatives and all other persons, firms, corporations or business entities in active concert or participation therewith, be preliminarily and thereafter permanently enjoined and restrained from:

(a) Using in any manner in connection with any of its products or in connection with any advertising, marketing or promotions of such products, any mark, name or logo deceptively or confusingly similar to Taco's AIR SCOOP trademark; and

(b) As to Taco's AIR SCOOP trademark, doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of Watts's products, as to the source of such products marketed, sold, offered for sale, or likely to deceive members of the public or the trade or prospective purchasers, into believing that there is some

connection between Watts and Taco or that Watts's products are marketed, sold, advertised, offered for sale or rendered with the Taco's authorization.

2. That Watts, pursuant to 15 U.S.C. § 1118, be ordered to deliver up for destruction all advertisements, letterheads, labels, signs, prints, product literature, packages, wrappers, receptacles and articles in their possession bearing the AIR SCOOP mark or any reproduction, counterfeit, copy or colorable imitation thereof;

3. That Watts account for and pay over to Taco all of the profits realized by Watts, or others acting in concert or participation therewith, from the sale of products under its unauthorized use of Taco's AIR SCOOP mark and Watts's false advertising and unfair methods of competition as alleged herein;

4. That Taco recover its damages sustained as a result of Watts's false advertising and unfair competition and infringement of Taco's trademark;

5. That Taco be awarded three time Watts's profits or three time Taco's damages, whichever is greater, together with Taco's reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a) and (b);

6. That Taco be awarded punitive damages pursuant to Rhode Island common law;

7. That Taco recover the costs of this suit; and

8. That the Court grant such other and further relief as it deems just.

TACO, INC.
By Its Attorneys,
PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Leonard B. Katzman (#6304)
180 South Main Street
Providence, RI 02903
(401) 861 through 8200
(401) 861 through 8210 FAX

DATED: March 20, 2007

**DEMAND FOR JURY TRIAL**

Taco hereby demands trial by jury.

TACO, INC.
By Its Attorneys,
PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
Leonard B. Katzman (#6304)
180 South Main Street
Providence, RI 02903
(401) 861 through 8200
(401) 861 through 8210 FAX

DATED: March 20, 2007